IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOHANNES TEKIE GEBREZGIE,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>LUDERS, et al.,<br><br>　　　　Defendants. | No. C 12-04358 EJD (PR)<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND |

Plaintiff, a federal prisoner at Atwater Penitentiary, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983, regarding events that occurred at Sonoma County Jail. Plaintiff has paid the filing fee.

**DISCUSSION**

**A.　Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is

Dismissal with leave to amend
04358Gebrezgie_dwtla.wpd　　　　　　　1

immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

This case involves the several months that Plaintiff spent at Sonoma County Jail. For the reasons set forth below, the complaint will be dismissed with leave to amend for Plaintiff to provide additional information. Plaintiff first alleges that Defendants provided him inadequate medical care for a bump on his wrist, caused by a foreign metallic object, that was causing him pain. Plaintiff states he received an X-ray, but only received Tylenol and no other pain medication, and Defendants denied him surgery because they classified it as elective. Plaintiff provides few other details regarding his medical condition, other than there was something in his wrist that hurt him. In an amended complaint Plaintiff must provide more information concerning his medical treatment and the specific actions of each Defendant and how they were deliberately indifferent to his serious medical needs.

Plaintiff also contends that Defendants denied him access to the courts. Plaintiff pled guilty to a federal crime and was sentenced on July 20, 2011. Plaintiff arrived at Sonoma County Jail on October 27, 2011. Plaintiff alleges that from November 2011, to March 2012, Defendants denied him access to the courts in his attempt to file a federal habeas corpus petition. Plaintiff states he was provided access to the law library, but not unrestricted access which he needed. If Plaintiff is referring to his motion to vacate under 28 U.S.C. § 2255, he filed that motion on June 19, 2012, and it is currently pending. See U.S. v. Gebrezgie, 11-cr-0112 SI. Plaintiff must be able to demonstrate an actual injury, from the denial of legal access, yet it appears he was able to timely file his motion.

Plaintiff also states that Defendants denied him court access in retaliation for filing grievances, but provides no information to support this claim

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment.[1] Estelle v. Gamble, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

A prison official exhibits deliberate indifference when he knows of and disregards a substantial risk of serious harm to inmate health. See Farmer, 511 U.S. at 837. The official must both know of "facts from which the inference could be drawn" that an excessive risk of harm exists, and he must actually draw that inference. Id. "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Similarly, a showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference, see Toguchi v. Chung, 391 F.3d 1051, 1058, 1059-60 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970). In order to prevail on a claim involving choices between alternative courses of treatment, a plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that he or she chose this course in conscious disregard of an excessive risk to plaintiff's

---

[1] It is not entirely clear Plaintiff's status at the county jail, if he was a pretrial detainee or a prisoner. Regardless, the standard for reviewing a medical claim is the same. The Ninth Circuit has made clear that "the 'deliberate indifference' standard applies to claims that correction facility officials failed to address the medical needs of pretrial detainees." Clouthier v. County of Contra Costa, 591 F.3d 1232, 1242 (9th Cir. 2010); see also Simmons v. Navajo County, 609 F.3d 1011, 1017 (9th Cir. 2010) ("Although the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment's protection against cruel and unusual punishment, applies to pretrial detainees, we apply the same standards in both cases.") (internal citations omitted).

Dismissal with leave to amend
04358Gebrezgie_dwtla.wpd

3

health. <u>Toguchi</u>, 391 F.3d at 1058; <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1996) (citing <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994)).

Moreover, prisoners have a constitutional right of access to the courts. <u>See</u> <u>Lewis v. Casey</u>, 518 U.S. 343, 350 (1996); <u>Bounds v. Smith</u>, 430 U.S. 817, 821 (1977).[2] To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. <u>See</u> <u>Lewis</u>, 518 U.S. at 350-55. To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. <u>See</u> <u>id.</u> at 354-55.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is DISMISSED with leave to amend. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint. The amended complaint must include the caption and civil case number used in this order and the words "AMENDED COMPLAINT" on the first page and write in the case number for this action, Case No. C 12-04358 EJD (PR). Plaintiff must answer all the questions on the form in order for the action to proceed.

///

---

[2] The constitutional source of the right of access to the courts is not settled. <u>See</u> <u>Christopher v. Harbury</u>, 536 U.S. 403, 413-14 & 415 n.12 (2002); <u>Lewis v. Casey</u>, 518 U.S. 343, 366-67 (1996) (Thomas, J., concurring). Supreme Court decisions have grounded the right in the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection and Due Process Clauses. <u>Christopher</u>, 536 U.S. at 415 n.12 (citing cases). The Ninth Circuit also has found various constitutional sources for the right. <u>See, e.g.</u>, <u>Cornett v. Donovan</u>, 51 F.3d 894, 897 (9th Cir. 1995) (right grounded in due process and equal protection clauses); <u>Bradley v. Hall</u>, 64 F.3d 1276, 1279 (9th Cir. 1995) (use of prison grievance procedure protected by prisoner's right to meaningful access to courts along with broader right to petition government for redress of grievances); <u>see also</u> <u>Soranno's Gasco, Inc. v. Morgan</u>, 874 F.2d 1310, 1314 (9th Cir. 1989) (nonprisoner case finding right of access to courts subsumed under 1st Amendment).

1  **Failure to respond in accordance with this order by filing an amended**
2  **complaint will result in the dismissal of this action without prejudice and without**
3  **further notice to Plaintiff.**
4      The Clerk shall include two copies of the court's complaint with a copy of this
5  order to Plaintiff.

7  DATED:   2/4/2013
                                EDWARD J. DAVILA
8                                  United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOHANNES TEKIE GEBREZGIE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> LUDERS, et al., ) <br> ) <br> Defendants. ) <br> ) | No. C 12-04358 EJD (PR) <br><br> CERTIFICATE OF SERVICE |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____2/6/2013_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s)hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) inter-office delivery receptacle located in the Clerk's office.

**Yohannes Tekie Gebrezgie**
15253-111
ATWATER
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 019001
ATWATER, CA 95301

DATED: _____2/6/2013_____
Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk