IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOHANNES TEKIE GEBREZGIE,<br><br>    Plaintiff,<br><br> v.<br><br>LUDERS, et al.,<br><br>    Defendants. | No. C 12-04358 EJD (PR)<br><br>ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK |

Plaintiff has filed a civil rights action under 42 U.S.C. § 1983, against officials at Sonoma County Jail ("SCJ"). The original complaint was dismissed with leave to amend and Plaintiff has filed an amended complaint. (Docket No. 13.)

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must,

however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff claims that on November 15, 2011, while housed at the Sonoma County Jail as a pre-trial detainee, he began to feel pain in his right wrist whenever he moved his fingers due to a "mass" located in his wrist. (Am. Compl. Attach. at 2.) On January 25, 2012, Plaintiff was involved in an altercation with another inmate, after which he started to feel "excruciating pain" in his entire right arm. (Id.) A "bump" occurred at the location in his wrist where the mass was, and the pain worsened to the point that Plaintiff was barely able to use his fingers and wrists. (Id.) Meanwhile, Plaintiff filed two requests for a medical evaluation, pain medication and an x-ray. (Id. at 2-3.) He was subsequently seen twice by Defendant Dr. Kolman who "probed the site of [Plaintiff's] pain," ordered pain mediation and an x-ray. (Id. at 3.) Plaintiff received the x-ray, but no pain medication. (Id.) On February 28, 2012, Plaintiff received his x-ray results and was informed that there was a "metallic object" embedded in his right arm. (Id.) Plaintiff informed Dr. Kolman that he wished to have the object removed. (Id.)

On March 7, 2012, Plaintiff was seen by Defendant Dr. Luders for a follow-up evaluation. Plaintiff requested pain medication, stating that Tylenol was inadequate for the pain. Dr. Luders stated that he would order stronger pain medication. But he informed Plaintiff that the surgery to remove the metallic object was denied because it was deemed "elective." Plaintiff never received the pain medication. (Id. at 3.)

On March 15, 2012, Plaintiff filed a grievance appealing Dr. Luders' decision denying him the surgery without the benefit of a MRI or CT scan. Dr. Kolman

responded to the grievance on March 21, 2012, stating that Dr. Luders was the sole authority on making medical decisions as the medical director. Plaintiff was also informed that if he wanted the surgery, he would have to see his own doctor and pay for transportation and security fees. (Id. at 4.)

On March 22, 2012, Plaintiff was again seen by Dr. Luders. Plaintiff complained of new pain and the fact that he never received any pain medication. Dr. Luders stated that he would prescribe some pain medication. When Plaintiff informed him that he did not have a private doctor, Dr. Luders told Plaintiff to "suck it up and be a man, that's final, and Good luck!" Plaintiff appealed the decision to Defendant Lieutenant House, but never received a response. (Id.)

On April 5, 2012, Plaintiff was transferred to the United States Penitentiary in Atwater, California, where he submitted a "sick-call" slip due to continuous pain and the growth on his right arm. Eventually, a CT scan revealed that the mass was a tumor growing atop of Plaintiff's nerves. Plaintiff had surgery to have the tumor removed on December 20, 2012. (Id. at 5.)

Plaintiff claims that Defendants Dr. Kolman and Dr. Luders demonstrated deliberate indifference to his serious medical needs by their failure to provide medication for his excruciating pain and to properly evaluate his serious medical condition. Plaintiff claims that Defendant Lieutenant House was responsible as the "overseer" to address the issue and investigate the conflict between Plaintiff and the Jail doctors. Liberally construed, Plaintiff's claims are cognizable.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint, (Docket No. 13), all attachments thereto, and a copy of this order upon **Defendants Dr. Kolman, Dr. Luders and Lieutenant House** at the

**Sonoma County Jail** (2777 Ventura Ave., Santa Rosa, CA 95403)**.** The Clerk shall also mail a copy of this Order to Plaintiff.

The Clerk shall terminate all other defendants from this action as Plaintiff has made no allegations against them in his amended complaint.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the amended complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **fifty-six (56) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **fifty-six (56) days** from the date on which the request for waiver was sent or **twenty-one (21) days** from the date the waiver form is filed, whichever is later.

3. No later than **fifty-six (56) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

a. If Defendants elect to file a motion to dismiss on the grounds Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v.

Terhune, 540 U.S. 810 (2003). **The Ninth Circuit has held that Plaintiff must be provided with the appropriate warning and notice under Wyatt concurrently with Defendants' motion to dismiss. See Woods v. Carey, Nos. 09-15548 & 09-16113, slip op. 7871, 7874 (9th Cir. July 6, 2012).**

        b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

        a. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Woods, Nos. 09-15548 & 09-16113, slip op. at 7874.**

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

    5. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

    6. The motion shall be deemed submitted as of the date the reply brief is due.

1  No hearing will be held on the motion unless the Court so orders at a later date.

2        7.     All communications by the Plaintiff with the Court must be served on
3  Defendants, or Defendants' counsel once counsel has been designated, by mailing a true
4  copy of the document to Defendants or Defendants' counsel.

5        8.     Discovery may be taken in accordance with the Federal Rules of Civil
6  Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or
7  Local Rule 16-1 is required before the parties may conduct discovery.

8        9.     It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep
9  the court informed of any change of address and must comply with the court's orders in
10 a timely fashion. Failure to do so may result in the dismissal of this action for failure to
11 prosecute pursuant to Federal Rule of Civil Procedure 41(b).

12       10.    Extensions of time must be filed no later than the deadline sought to be
13 extended and must be accompanied by a showing of good cause.

15 DATED: 4/18/2013

EDWARD J. DAVILA  
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

YOHANNES TEKIE GEBREZGIE,

        Plaintiff,

  v.

LUDERS, et al.,

        Defendants.

Case Number: CV12-04358 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 4/19/2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Yohannes Tekie Gebrezgie 15253-111
ATWATER
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 019001
ATWATER, CA 95301

Dated: 4/19/2013

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk