**FILED**

FEB 21 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOHANNES TEKIE GEBREZGIE,<br><br>    Plaintiff,<br><br>v.<br><br>LUDERS, et al.,<br><br>    Defendants. | No. C 12-04358 EJD (PR)<br><br>ORDER OF SERVICE; DISMISSING CLAIMS AGAINST DEFS. KOLMAN AND HOUSE; DIRECTING DEFENDANT HARFORD TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK<br><br>(Docket No. 24) |

    Plaintiff has filed a civil rights action under 42 U.S.C. § 1983, against officials at Sonoma County Jail ("SCJ"). The original complaint was dismissed with leave to amend and Plaintiff filed an amended complaint. (Docket No. 13.) The amended complaint was served on Defendants Luders, House, and Kolman. Plaintiff was then granted leave to file a supplemental complaint to allege claims against newly identified defendant, Karin Harford, P.A., and a clarification that he wishes to dismiss all claims against Defendants Kolman and House. Plaintiff has filed a supplemental complaint. (Docket No. 44.)

## DISCUSSION

**A.  Standard of Review**

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

Order of Service
P:\PRO-SE\EJD\CR.12\04358Gebrezgie_svc_suppl.wpd

governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims Against Defendant Harford**

This action arises from a pain Plaintiff began to feel in his right wrist during November 2011 due to a "mass" located in his wrist while housed at the Sonoma County Jail as a pre-trial detainee. (Am. Compl. Attach. at 2; Docket No. 13.) Plaintiff claims that Defendant Harford made a "'false'" analysis of the problem based on X-rays, and he questions her diagnosis as his condition worsened. (Suppl. Compl. at 2; Docket No. 44.) Plaintiff asserts that Defendant Harford "willfully and intentionally rendered 'false' medical analysis." (Id. at 4.) Liberally construed, Plaintiff's claims are cognizable as a violation of his Eighth Amendment rights.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1.    The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint, (Docket No. 13), the supplemental complaint (Docket No. 44), and all attachments thereto, and a copy of this order upon **Defendant Karin Harford, P.A.,** at the **Sonoma County Jail** (2777 Ventura Ave., Santa Rosa, CA 95403). The Clerk shall also mail a copy of this Order to Plaintiff.

Order of Service
P:\PRO-SE\EJD\CR.12\04358Gebrezgie_svc_suppl.wpd

2. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires her to cooperate in saving unnecessary costs of service of the summons and the amended complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, she will be required to bear the cost of such service unless good cause shown for her failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before **fifty-six (56) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendant is asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendant has been personally served, the Answer shall be due **fifty-six (56) days** from the date on which the request for waiver was sent or **twenty-one (21) days** from the date the waiver form is filed, whichever is later.

3. No later than **fifty-six (56) days** from the date of this order, Defendant shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

   a. If Defendant elects to file a motion to dismiss on the grounds Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003). **The Ninth Circuit has held that Plaintiff must be provided with the appropriate warning and notice under Wyatt concurrently with Defendant's motion to dismiss. See Woods v. Carey, Nos. 09-15548 & 09-16113, slip op. 7871, 7874 (9th Cir. July 6, 2012).**

        b.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendant is of the opinion that this case cannot be resolved by summary judgment, she shall so inform the Court prior to the date the summary judgment motion is due.

      4.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **twenty-eight (28) days** from the date Defendant's motion is filed.

        a.    **In the event Defendant files a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Woods, Nos. 09-15548 & 09-16113, slip op. at 7874.**

      Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendant's motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

      5.    Defendant shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

      6.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

      7.    All communications by the Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

11. In accordance with Plaintiff's notice, (Docket No. 44 at 1), the claims against Defendants Sheriff House and Dr. Debra Kolman are DISMISSED with prejudice. The Clerk shall terminate these defendants from this action. In light of this dismissal, Defendant House's motion for summary judgment, (Docket No. 24), is DISMISSED as moot.

This order terminates Docket No. 24.

DATED: 2/21/14

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

YOHANNES TEKIE GEBREZGIE,

        Plaintiff,

v.

LUDERS, et al.,

        Defendants.

Case Number: CV12-04358 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 2/21/14, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Yohannes Tekie Gebrezgie 15253-111
ATWATER
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 019001
ATWATER, CA 95301

Dated: 2/21/14

Richard W. Wieking, Clerk
By: Elizabeth Garcia, Deputy Clerk